PEOPLE v DUNCAN

1. Searches and Seizures—Probable Cause.

Probable cause for a search warrant may be established by evidence which need not be admissible in a criminal trial, would be less than necessary to support a criminal conviction, and which may be based upon information not in the personal knowledge of the officer seeking the warrant where the information comes from one whom the officer has reason to believe is a reliable source.

2. Criminal Law—Sufficiency of Evidence—Credibility.

Sufficiency of the evidence is established where all the elements of the crime have been established should the jury believe the proofs offered and an appellate court will not substitute its judgment for that of the jury where only credibility and not sufficiency is in question.

3. Receiving Stolen Goods—Sufficiency of Evidence.

Defendant's conviction of receiving stolen property was sufficiently supported by evidence that defendant had hired a witness to steal automobiles, that the witness had stolen and delivered an automobile to defendant, and that parts from that stolen automobile were found incorporated into a car owned by a codefendant.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 March 2, 1972, at Lansing. (Docket No. 11445.) Decided May 30, 1972. Leave to appeal denied, 388 Mich 765.

References for Points in Headnotes

[1] 47 Am Jur, Searches and Seizures, § 24.

[2] 21 Am Jur 2d, Criminal Law § 226.

[3] 45 Am Jur, Receiving Stolen Property § 16 *et seq.*

Admissibility, in prosecution for receiving stolen property, of evidence of transactions other than, but similar to, that upon which the prosecution is based, for purpose of showing guilty knowledge or intent, 105 ALR 1292.

David A. Duncan was convicted of receiving stolen property of value in excess of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Steven F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Joseph Freed,* for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. Defendant appeals his jury conviction of the offense of receiving stolen property of value in excess of $100. MCLA 750.535; MSA 28.803.

Two issues are raised on appeal which merit discussion. The first is the adequacy of the affidavit supporting the issuance of a search warrant. The execution of the warrant, at least to some extent, led to the discovery of property which, it is alleged, connected defendant to the offense charged.

The second, in its legal substance, is whether the proofs adduced by the prosecution were sufficient to make a submittable case for jury consideration.[1]

We address ourselves to the first issue. It is hardly new to our jurisprudence, state or Federal, to note that an investigating officer cannot possibly have that measure of personal knowledge of every situation he investigates, which will permit him to make an affidavit supporting his request for

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Florence Duncan, whose name will of necessity be mentioned herein, was charged together with appellant but the case against her was dismissed at trial level.

a search warrant, based exclusively thereon. Nor does controlling precedent require it.

The United States Supreme Court has spoken clearly to the point. The test is whether the officer has reason to believe that illegal acts or an illegal course of conduct is being carried on in the premises sought to be searched. This concept is often phrased in terms of probable cause. This "probable cause" may well be based on information received from another who, the officer seeking the warrant has reason to believe, is a reliable source. In defining "probable cause" the Supreme Court pointedly observed:

"While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that * * * the term * * * means less than evidence which would justify condemnation * * * (citations omitted) and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial * * * ." *(United States v Ventresca,* 380 US 102, 107; 85 S Ct 741; 13 L Ed 2d 684 [1965].)

We have examined the affidavit here involved with care. We conclude that it meets fully the *Ventresca* test. It contains information from sources the officer was justified in believing to be reliable. There were personal observations of conduct supportive of the officer's belief that illegal activity was taking place in the premises sought to be searched. The premises were described with particularity. We find the allegation of the insufficiency of the affidavit without merit.

Next, we examine the claimed insufficiency of the evidence to make out a jury-submittable case. It was the theory of the state that the defendant was engaged in the business of buying, dismantling or "stripping", as it is known in the trade, stolen automobiles. The relatively valueless frames

were junked and the valuable components, such as motors and other functioning units, were removed and built into another chassis. Ultimately the rebuilt car was sold at a substantial profit.

In support of this theory, the state called as a witness Wayne Buero. He testified that at the express request of defendant he stole a 1969 Dodge Charger by using a certain ignition plug device furnished him by defendant. The agreed price to be paid him was $400. Buero contended that for some time he had worked for defendant and one Florence Duncan (mentioned in footnote 1 and not otherwise identified in the record). His testimony was also to the effect that he had rented his garage to the Duncans and that he had seen defendant-appellant working in the rented building. It was to this building that Buero said he delivered the stolen car. He claimed the $400 above mentioned also included an unspecified amount in payment for rent of his garage.

Two witnesses testified as to the value of the stolen vehicle, its owner and the comptroller of the Chrysler Corporation. They fixed the value at $3,600 and $4,300, respectively.

Additionally, the state's case included the testimony of a police officer acting under the warrant hereinbefore discussed. He testified he found a certain Dodge Daytona at or near the rented premises. The motor number and body numbers of the Daytona were not in the sequence generally found in new cars. The engine in the Daytona was that of the stolen Charger. The Daytona was registered in the name of Florence Duncan.

Admittedly, it is not a criminal offense to install a legitimately acquired motor of one automobile in another. Admittedly, the engine number of the Charger had not been obliterated or defaced. Ad-

mittedly, no one testified directly that he had seen appellant "stripping" the Charger. Query: Is all of the foregoing testimony of Buero, considered with such circumstantial evidence as was adduced, sufficient to carry the case to the jury? Despite able counsel's vigorous oral argument in support of his brief-stated position, we conclude there was. The question is one of credibility rather than sufficiency. In this area an appellate court is precluded from substituting its judgment for that of the jury.

We set forth the statute under which defendant was charged, MCLA 750.535; MSA 28.803:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted, if the property purchased, received or concealed exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $2500.00. If the property purchased, received or concealed shall be the value of $100.00 or less, such person shall be guilty of a misdemeanor. On a third or subsequent conviction under this section such person shall be guilty of a felony, punishable as herein provided, although the value of the property purchased, received or concealed did not exceed $100.00."

Cast as it is in the alternative of buying or receiving property of the value of $100 or less, knowing it to have been stolen, it is apparent that if the jury chose to believe Buero all of the elements of the offense were established on his testimony alone. Additionally, the jury was entitled to make reasonable inferences from the circumstantial evidence introduced and from the additional testimony as to value furnished by the Chrysler Corporation executive and the owner. We need not

discuss the element of scienter. If the jury believed Buero, it would have been impossible for the defendant not to have had the requisite knowledge that the vehicle was stolen.

For the reasons herein discussed we affirm.

All concurred.